IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CJ JONES,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**FIRST TRANSIT, INC.,**<br><br>**Defendant.** | Civil Action No. _____ |

# COMPLAINT

Plaintiff CJ Jones, by and through the undersigned counsel, herein asserts claims against Defendant First Transit, Inc., under the Family Medical Leave Act 29 U.S.C. § 2601 *et seq*. ("FMLA"), showing the Court as follows:

## INTRODUCTION

1. Plaintiff Jones seeks to recover damages from Defendant First Transit, Inc., resulting from her termination while taking approved FMLA leave. Defendant terminated Plaintiff's employment in an attempt to interfere with her exercise of her rights under the FMLA and in retaliation for seeking to exercise her rights under the FMLA.

## PARTIES, JURISDICTION, AND VENUE

2. This Court's jurisdiction over Plaintiff's claims under the Family Medical Leave Act is invoked under 28 U.S.C. § 1331.

3. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

4. Plaintiff is a natural person and resident of the State of Georgia.

5. Defendant is a foreign corporation organized under the laws of the State of Delaware and registered to do business in the State of Georgia. Defendant may be served with process on its registered agent for service, CT Corporation System, at 289 S Culver St, Lawrenceville, Gwinnett County, Georgia, 30046.

6. Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**Plaintiff's Employment**

7. Plaintiff Jones worked for Defendant in its Marietta, Georgia office from May 11, 2020, through September 12, 2022, the date of her termination.

8. At the time of her termination, Plaintiff Jones worked in the position of Safety and Training Supervisor.

9. As Safety and Training Supervisor, Plaintiff Jones's primary duties included administering training policies and programs; administering random drug testing; overseeing safety certification and re-certification programs; conducting progressive discipline for First Transit bus drivers; coaching drivers on safe driving habits; processing and managing First Transit employee worker's compensation claims, claims for passenger injuries, and claims for property damage; conducting new-hire classroom training; and conducting performance evaluations.

10. Throughout her employment by First Transit, Plaintiff Jones consistently received positive work evaluations and awards for her high level of job performance.

**FMLA Coverage**

11. First Transit employed Jones during the twelve consecutive months immediately prior to September 12, 2022, the date of her termination.

12. Jones performed more than 1250 hours of work for First Transit during the twelve consecutive months immediately prior to September 12, 2022.

13. First Transit employed 50 or more employees within 75 miles of the worksite at which it employed Plaintiff each working day during each of at least twenty 20 non-consecutive calendar workweeks in 2022.

14. At all relevant times, Plaintiff was an eligible employee under the FMLA.

15. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

**FMLA Violations**

16. Plaintiff Jones suffers from severe work-related stress and anxiety.

17. Specifically, Plaintiff suffered from pronounced anxiety with disturbance in sleep and mood and impaired coping ability.

18. Jones's condition is a "serious health condition" within the meaning of 29 U.S.C. § 2611 (11).

19. Jones informed Defendant of her serious health condition and had been approved for use of FMLA medical leave from August 8, 2022 through September 8, 2022.

20. Under the FMLA, Jones was entitled to 12 weeks of leave per year in connection with a serious health condition that made her unable to perform the essential functions of her job.

21. Jones attempted to use her FMLA leave for August 8, 2022, through September 8, 2022.

22. Jones followed all procedures required by Defendant for the exercise of her right to medical leave under the FMLA.

23. Defendant approved Jones's FMLA leave for August 8, 2022, through September 8, 2022.

24. On September 8, 2022, Jones obtained permission from Defendant to return to work on Monday, September 12, 2022, rather than on Friday, September 9, 2022.

25. Jones returned to work as planned on September 12, 2022, found that she had no access to her computer, and was then informed by two of her supervisors that she was not qualified for her current position and that she must either accept a demotion to the position of bus driver or resign.

26. The position of bus driver was not an equivalent position and this false choice constituted a constructive termination.

27. Defendant's claim that Jones was not qualified for her position—specifically, that she lacked a commercial driver's license—was false and pretextual.

28. Until the time of Jones's termination, Defendant had not previously informed her of any deficiency in her training or requirement that she obtain any additional training, certification, or license.

29. Moreover, Plaintiff performed no duties that required a commercial driver's license and had never previously been requested to perform such duties.

30. Defendant deprived Jones of benefits to which she was legally entitled under the FMLA by terminating her employment and failing to reinstate her because of her approved medical leave.

31. Defendant retaliated against Jones by terminating her employment because she exercised her rights under the FMLA.

### CLAIMS FOR RELIEF

### Count One
### Violation of 29 U.S.C. § 2615(a)(1) (FMLA Interference)

32. Defendant terminated Jones's employment in an attempt to prevent her from exercising her rights under the FMLA.

33. By terminating Jones's employment, Defendant interfered with rights afforded Jones by the FMLA.

34. As a direct and proximate result of Defendant's unlawful conduct, Jones suffered loss of employment, loss of income, and loss of employment benefits.

35. Jones is entitled to recover the wages and benefits she has lost as a result of Defendant's unlawful conduct, and interest thereon, calculated at the prevailing rate.

36. Jones remains unemployed and her damages continue to accrue.

37. Jones is entitled to recover liquidated damages in amount equal to her lost wages, salary, and employment benefits, and her costs of litigation, including reasonable attorney's fees.

## Count Two
## Violation of 29 U.S.C. § 2615(a)(2) (FMLA Retaliation)

38. Jones engaged in activity protected by the FMLA by taking leave in connection with a serious health condition that made her unable to perform the essential functions of her job.

39. Jones suffered an adverse employment action when Defendant terminated her employment.

40. Defendant terminated Jones's employment in retaliation for her use of leave provided by the FMLA.

41. As a direct and proximate result of Defendant's unlawful conduct, Jones has suffered loss of employment, loss of income, and employment benefits.

42. Jones is entitled to recover from Defendant the wages and benefits she has lost as a result of its unlawful conduct, and interest thereon, calculated at the prevailing rate.

43. Jones remains unemployed and her damages continue to accrue.

44. Jones is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

45. Jones is entitled to recover her costs of litigation, including her reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests that this Court:

    (a)    Take jurisdiction of this matter;

    (b)    Grant a trial by jury as to all matters properly triable to a jury;

    (c)    Issue an Order holding that Plaintiff was an eligible employee entitled to the protections provided by FMLA;

    (d)    Issue an Order holding that Defendant unlawfully interfered with Plaintiff's exercise of her rights under the FMLA;

    (e)    Issue an Order holding that Defendant unlawfully retaliated against Plaintiff because of her exercise of her rights under the FMLA;

    (f)    Award Plaintiff all compensation and employment benefits that she lost as a result of Defendant's unlawful conduct, plus liquidated damages, as required by the FMLA;

    (g)    Award Plaintiff pre-judgment interest to the extent that liquidated damages are not awarded;

    (h)    Award Plaintiff nominal damages;

(i) Award Plaintiff her reasonable attorney's fees and costs of litigation; and

(j) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 27th day of October 2022.

|  |  |
|---|---|
|  | **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** |
|  | *s/ Matthew W. Herrington* |
| 101 Marietta Street NW | Charles R. Bridgers |
| Suite 2650 | Georgia Bar No. 080791 |
| Atlanta, GA 30303 | Matthew W. Herrington |
| (404) 979-3150 Telephone | Georgia Bar No. 275411 |
| (404) 979-3170 Facsimile |  |
| charlesbridgers@dcbflegal.com | Attorneys for Plaintiff |
| matthew.herrington@dcbflegal.com |  |